UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Reginald Brooks, | ) C/A No. 4:11-3362-TLW-TER |
|                 Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Mr. Dennis, Mental Health;<br>Maj. Dean, Head of Security at LCI;<br>Warden Padula, Administration of Lee C.I.;<br>Director Byars, South Carolina Dept. Of Corr.;<br>Ms. David, Mental Health;<br>Ms. Breon, Mental Health; and<br>Ms. Remes, Classification Official, L.C.I., | ) |
|                 Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at Lee Correctional Institution in Bishopville, South Carolina. He makes numerous allegations against many Lee officials and employees in his Complaint, many concerning what Plaintiff asserts is a dangerous environment at the prison. He alleges that he is being denied any mental health treatment by the prison medical system because he refused to take psychotropic medications when he was admitted to the South Carolina Department of Corrections (SCDC) prison system. He asserts that when he requested mental health assistance in the nature of psychological counseling on October 4, 2011, he was told that unless he was on medication, the only thing that could be offered to him was anger-management counseling. He claims that

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

because of the violent and drug-infested conditions in the housing unit where he is assigned, he needs to stay un-medicated to be able to protect himself. He wants to be transferred to a different prison.

When specifically asked about his efforts to use the SCDC grievance system to settle his disputes with the mental health and security staffs at Lee, Plaintiff's answers on page 2 of the Complaint (and at various points within the body of the Complaint) indicate that he filed "Step 2" on "10/08/11." (ECF No. 1, Compl. 2). He lists seven separate grievance numbers: 2294.11, 2552.11, 2617-11, 2616-11, 2372-11, 2592-11, and 2296-11, and he checked "no" when asked if he has "received a final agency/departmental/institutional answer or determination concerning this matter (*i.e.*, your grievance). *Id.* Moreover, Plaintiff's own allegations within the body of the Complaint and in its prayer for relief specifically acknowledge that his SCDC grievance process was not completed before he filed his Complaint. For example, he states within the body of his pleading that "the rest of this complaint will involve all contributing parties in their individual capacities along with a prayer for relief in these matter *until the administrative remedies of grievances has expired*." (ECF No. 1, Compl. 6)(emphasis added). In the prayer for relief, he asks for declaratory and injunctive relief, and compensatory and punitive damages ". . . *after administrative remedies are exhausted that is*." *Id.* Compl. 11 (emphasis added). The Complaint was signed on December 6, 2011, which was fifty-nine days after the October 8th date that Plaintiff gives for his Step 2 grievance filings.

**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir.

1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) for lack of administrative exhaustion.

## Analysis

Plaintiff's Complaint should be summarily dismissed without issuance of process for Defendants because he failed to fully exhaust his administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996[2] (the PLRA), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a). Accordingly, before Plaintiff may succeed with any claim against any defendant in this Court, he must *first* exhaust his administrative remedies available through the SCDC grievance process as to the claims he seeks to raise. The United States Supreme Court has held that "Congress has mandated exhaustion

---

[2] Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81 (2006) (prisoners must "properly exhaust" their administrative remedies *before* coming into court); *Porter v. Nussle*, 534 U.S. 516 (2002); *Jones v. Smith*, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); *Larkin v. Galloway*, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also Claybrooks v. Newsome*, 18 F. App'x 243 (4th Cir. 2001)(unpublished opinion)(applying *Booth v. Churner* to affirm district court's denial of relief to plaintiff). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199 (2007), in this Circuit, if the lack of exhaustion is clear from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005).

      In this case, Plaintiff's failure to fully exhaust his administrative remedies before filing this case is clear on the face of the Complaint. The Complaint was signed on December 6, 2011, and the envelope in which the Complaint was mailed to this Court bears a postmark and a Lee Correctional Institution mail-room receipt stamp, each dated December 7, 2011. (ECF No. 1). Thus, under applicable law, this Court must consider that Plaintiff filed his Complaint on December 7: the date he gave it to the institutional mailroom for mailing to this Court. *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(*pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

      Under the currently controlling SCDC inmate grievance regulations (effective September 1, 2009), the initial institutional response to an inmate's conditions of confinement-related grievance is not due until at least fifty-five days after it is submitted by the inmate (ten days allowed to get grievance on the system, forty days allowed thereafter for Warden to respond, and then five additional days allowed to get the response to the inmate). SCDC, *Inmate Grievance System*, GA-01.12, § 13.4 (Sept. 1, 2009). If an inmate receives a timely response to Step 1, as appears to have been the case here, even if he never receives a response from the

4

responsible individual, he still must pursue a Step 2 grievance through the entire additional seventy days allowed for it (after filing, five days for the appeal to be sent to headquarters, sixty days for the responsible official to respond to the appeal, and then five additional days for the response to be served on the inmate) before it may be said that he fully exhausted his administrative remedies in a conditions-of-confinement matter. *Id*. at § 13.6; *see Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004)(collecting cases involving effect of prison system's failure to respond to filed grievances). The decision of the "responsible official" who answers the Step 2 appeal is SCDC's final response in the matter. *Id.*

By filing this case only sixty days after his Step 2 grievance was submitted to the institution, Plaintiff did not give the administrative remedy system time to respond or to "work" in his case. He needed to wait for SCDC's final response to his Step 2 grievance, or, even if no response was received, he should have waited at least seventy days after he filed the grievance (five days for transmittal of the appeal, sixty days for an answer to Step 2, and five days for the answer to get to him) before filing this suit. Had he waited the full seventy days, but received no response, only then could he say that SCDC failed to respond as required under their policy and that he, therefore, had exhausted all administrative remedies available to him. *Boyd*. Since this failure to fully exhaust administrative remedies is clear on the face of the Complaint, the Court should not keep this case on its docket while the remedies are being exhausted. *Blain v. Bassett*, No. CIV.A. 7:07-CV-00552, 2007 WL 4190937, *2 (W.D. Va. Nov. 21, 2007), this case is subject to summary dismissal for lack of exhaustion of administrative remedies. *Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d at 683.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible

5

after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

January 11, 2012
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).