IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Reginald Brooks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 4:11-cv-3362-TLW-TER |
| ) | |
| Mr. Dennis, Mental Health; ) | |
| Maj. Dean, Head of Security at LCI; ) | |
| Warden Padula, Administration of Lee C.I.; ) | |
| Director Byars, South Carolina Dept. of Corr.; ) | |
| Ms. David, Mental Health; ) | |
| Ms. Breon, Mental Health; and ) | |
| Ms. Remes, Classification Official, L.C.I., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# ORDER

The plaintiff, Thomas Reginald Brooks ("plaintiff"), brought this civil action, pro se, pursuant to 42 U.S.C. § 1983 on December 13, 2011. (Doc. # 1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III to whom this case had previously been assigned. (Doc. # 14). In the Report, the Magistrate Judge recommends that the District Court dismiss the complaint in this case without prejudice and without issuance and service of process. (Doc. # 14). The plaintiff filed objections to the Report. (Doc. # 20). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual

or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 14). Therefore, for the reasons articulated by the Magistrate Judge, the complaint in this case is **DISMISSED** without prejudice and without issuance and service of process.[1]

---

[1] After the Report and Recommendation was issued, the plaintiff filed two motions to amend his complaint and a supplement to one of these motions. (Docs. 22, 25, 29). "Although leave to amend should be 'freely give[n] when justice so requires,' a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assoc., 602 F.3d 597, 603 (4th Cir. 2010) (quoting Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962)). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Id. Similar to the original complaint on which the Report and Recommendation before the Court is based, the plaintiff indicates in his most recent motion to amend (Doc. # 29) that he is seeking relief for allegedly being denied mental health treatment. Allowing the amendment would thus be futile as the case is still subject to dismissal for the reasons set forth in the Report and Recommendation, namely because the plaintiff failed to exhaust administrative remedies before filing this lawsuit. See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[E]xhaustion is a prerequisite to suit."). The plaintiff's motions to amend (Docs. 22, 29) are therefore **DENIED**.

The plaintiff has also filed motions to appoint counsel. (Docs. 28, 34). This Court has discretionary power to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e); Smith v. Blackledge, 451 F.2d 1201, 1203 (4th Cir. 1971). When exercising its discretion to appoint counsel in a civil action, the appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). After a review of the pleadings, this Court finds that there are no unusual circumstances which justify the appointment of counsel. Therefore, the plaintiff's motions to appoint counsel (Docs. 28, 34) are **DENIED**.

Additionally, in light of the rulings set forth in this Order, the plaintiff's remaining motions (Docs. 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 42) are **DENIED** as moot.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>United States District Judge

June 26, 2012
Florence, South Carolina