DENIED

12-5-12

Terry ~~~~~ 

TERRY L. WOOTEN
U. S. DISTRICT JUDGE

UNITED STATES DISTRICT COURT
OF SOUTH CAROLINA

RECEIVED
USDC CLERK, FLORENCE, SC

2012 DEC -6  AM 8: 16
RECEIVED
US CLERK, FLORENCE S~

2012 SEP 12  A 10: 32

BOOKS 1-4

C.V.1 Action No: 4: 11-CV-3362-TLW
TER

Thomas Reginald Books
          Plaintiff,

     Vs.

County of Richland South
Carolina, at el
SOUTH CAROLINA DEPARTMENT
OF CORRECTIONS, at el
          Defendants,

MOTION FOR Special Inter-
locutory ORDER to INTERVENE
It Collateral MATTER OR
bases Concerning Grounds
IN ABOVE CIVIL ACTION
PENDING.

Belief HERE is on GROUNDS OF Facts, Supicision, and
the plaintiff is encloseing a motion drafted
by his p.c.2., atty., on JUNE 21, 2012, whom is Robert
T. Strickland, atty., with in "Banes, Albord, Stark &
Johnson, LLP" The Grounds for this June 21st 2012, mo-
tion was For "Motion For Leave To Conduct Discovery"
on July 19th 2012, after a hearing before The Honorable James
R. Barber III, presiding Judge, Fifth Judicial Circuit. AS
of Todays date ft 09-10-2012, Grounds 5 thru 7, have not
been disclosed to the atty., representing me in this post
Conviction matter. Per my atty., My P.C.2., hearing is
Scheduled for Sept. 14th 2012, at the Richland County
Judicial Center", on Main St., in downtown Columbia, in
the Court of Common pleas for Richland County.

Brooks 2-4

With a "prima facie," showing of The Honorable's ORDER Granting discovery their or resonable facts and belief. that The State is attempting to violate petitioners Rights pursant to "Brady v. Maryland," and Cover up the facts concerning the Applicants grounds for disclosure of Grounds 3 thru 7, The plaintiff's Grounds for current motion for Special Interlocutory order to intervene in what is a obvious conspiricy and attempt to withhold evidence that is material in all phases of my rights to due process rather Criminal and or civ.l. The withhold and or Tampering and or destruction of material evidence that tends to exculpate a defendant in a Criminal proceeding and or, etc, Impeach a witness against the defendant [ is a Criminal act of Conspiricy etc., and tends to pollute the demands for Justice and bring the admin, of Justice in-to tormoil]. This information is needed to comply with the burden of proof required for the plaintiff to overcome the burden for the Grounds of p. c. R., at this First Collateral mode of Attack. How can the Applicant have the fair bite of the legal apple at this important stage to Then as a plaintiff in this Civil action

Brooks 3-4

have the safe-gaurds of the Constitution such
as for example to defend against any def-
fense by the state of the "doctrine of Coll-
atural estoppel," etc. if he is prepaired and
limits too establishing the requirements
of Strickland v. Washington, Supra; State v
Gibson, Supra etc., The plaintiff per se, asks
and the destriction of the Court with Mercy
to intervene in this matter to Conduct discovery
for the purpose of Civil Action number 4:11-
CV-3362-TLW., With all due respect to the
Jurisdiction of the Court and the ethics
involved as a matter of Justice and pro-
viding intrests to the pending matter
of Civil Action Number 4:11-CV-3362-TLW,
on the same grounds stated in P.C.R., Civil Action
NO. 2011-op-40-7395, To establish the plain-
tiff's immunities etc to frivolous defenses. Such as
the abued Stated Doctrine etc., The plaintiff,
Motions with all due respect and prays that this
matter is addressed with the proper and best course
that the law provides the people against the hands
of corruption and illegal acts of Criminal activity
by persons clothed with authority under color of
state law. Finally, IN God WE TRUST Respectfully

Brooks 4-4    p.

Submitted,

Respectfully,

Thomas Reynold Brooks

09-11-2012