DENIED

Terry L. Wooten   12-5-12
TERRY L. WOOTEN
U. S. DISTRICT JUDGE   DATE

RECEIVED
USDC CLERK, FLORENCE
2012 DEC -6  AM 8:1_

Brooks 1

THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA         C/A No. 4:11-CV-03362-TLW-TER

Thomas Reginald Brooks,
                Plaintiff,
                                    (1) MOTION FOR LEAVE TO FILE A SUPPLE-
vs.                                  MENTAL COMPLAINT; (2) MOTION FOR PRES-
The South Carolina Department of    ERVATION OF EVIDENCE MATERIAL TO CAUSE
Corrections, et al                  OF ACTION; (3) MOTION FOR SERVICE OF
Lee Correctional SGT., et al        PROCESS ON COPERATIVES IN GENERAL; (4)
Richland County Public Defen-       MOTION FOR LEAVE TO CONDUCT DIS-
ders Office, et al                  COVERY.
                Defendants

     HEREIN THE plaintiff in Civil Action No. 4:11-CV-03362-TLW, motions upon THE Court for favor pertaining to the (4) listed motion requests herein. THE Plaintiff, pro se will attempt to address these issues to establish "Good cause" for the Courts destration to Judgement in favor of plaintiff pro se., As a matter of law.

     HEREIN THE plaintiffs requests for leave to file a supplemental Complaint deals with a issue with ONE MAJ. DEAN and ONE LT. JANE DOE and ONE S.C.D.C. I/W that these three alledged that some type of security issue arouse between me and John Doe I/W ONE that I lack any knowledge of pertaining to some alledged argument etc., that lead John DOE I/W to address some fictious issues to LT. JANE DOE, Supervisor of The Florence Unit who refered to alledged situations to MAJ DEAN, HEAD of Security here at L.C.I.

Brooks2

On 08-01-2012, In MAJ. DEANO, office here at L.C.J. before LT. Jane Doe, and ONE CAPT. COMMANDER, THE plaintiff was threatend and forced to sign protective custody papers concerning a incidents he lacked knowledge of nor had any involvement in, that was braught forth by 'I/M John Doe, who threw me in the situation because he wanted a room change. because i won't talk to him at night when i'm trying to sleep and he what's to worry me about his problems that he got himself in-to when i have my own problems that have been braught upon by others causeing me additional stress and aggervation deal with and beeing around individuals with diffrent personalities. that i dont know nor care to involve in my personal and or private life. for the record, IT is upon my beleif that the admin. here at L.C.J. and the staff that coordinates A.T.V., which is a substance abuse program that i took upon myself to be a part of to overcome my substance abuse issues and certain I/M's that help the staff coordinate program. or trying to document tramed-up uncellebrated incidents to get me kicked out of the A.T.V. program. MAJ. DEANO force me on 08-01-2012, to sign p.c. papers saying that i did not fear for my life and that i did not what p.c., it is upon my beleif that due to the status quo, or uncovery of this criminal and or civil conspiracy and or controversy and the fact that L.C.J adm

Brooks 3

admin., security, medical, etc. has been made aware of my innocence and the Richland County parties attempt to force me to suffer the consequences of criminal acts of law enforcement etc., due to bad faith the incident report that is attached to the censured signed statement and form indicating that you do not ask for your life may be altered and swiped out to address a more broader or over broader issue that was not the topic of the forced signing of this paperwork concerning a incident i had no knowledge of other then a lack of communication with I/M John Doe, all parties are defendants in C/A NO 4:11-CV-03362-TLW., and I underwent the threat of beeing placed on lock-up during the month of Ramadan where i'm trying to fast as a Muslim without all the foolishness that has manifested at this prison, also were i have a up comeing P.C.R., hearing that is possibly comeing up on the 10th date of the week of Sept. 2012, and i dont have time to be writeing the law liabary from lock-up and waiting 4 weeks for the material that i wish to view. In addition even in General population for the record the plantiff is not getting adequate law liabary time to perfect suit pro se, and or to assist P.C.R., attorney of avenues for grounds that i feel that petition should be attacked on.

Brooks 4

The State Dept. of Corrections may attempt too prejudice or premature judgement thru a Fed. Rul. Civ. Pro. Rule 12(b) motion etc, and the plaintiff asserts the right that he should have at least access to legal materials if pro se, and adequate time to study these materials and the accomodation of supplies or instruments such as xeroxing copies of cases and statutes in his favor that may prevent a premature prejudice ruling in favor for defendants. The plaintiff is confined and he is unable to obtain a lawyer by normal means rather paid, pro bono, etc., the plaintiff lacks legal knowledge needed to address complicated deprensions of his Civil right and these issues where brought upon him by defendants, where all relief requested may be barred in a genuine issue at law. WERE A COURT APPOINTED Attorney would be in plaintiff's best intrest due to No fault of his own, for his confinement within the penal Institution at the S.C. Dept. of Corrections. Within this paraphrase i request that these additional issues or "preserved in this motion", "added to this complaint" and the "Incident Report" of the encounter on 08-01-2012, between MAJ. DEAN, etc. or preserved in this motion which includes any and all statements and or affidavits etc, or preserved etc. pursuant to SOUTH CAROLINA CODE Ann. §§ 19-21-70 supra & 17-27-150 supra. Plaintiff belives that this may be used for other reasons pretaining to the incident report etc. and wishes disclosure etc.

Brooks 5

HEREIN FOR THE RECORD THE plaintiff requests that the following information rather statements, orally stated, written, any and all physical evidence and or reports or documents etc., of records of contraband confiscated from inmates and or stuff at "Cell phones"(that are being used to Coordinate Criminal acts and or nuisance), "Drugs", "Weapons", and all incident reports infractions of Inmate Offenders of disciplinary reports and hearing records of (S.C.D.C. 19-69) forms that have been in possession and or under the use and influence of drugs from plaintiff's arrival from 11-10-2012 thru— the plaintiff also requests that the following S.C.D.C. forms be set forth dealing with above requests S.C.D.C. 19-29A, and any and all Outside illegal charges which may have been served by the the Sheriff of LEE County with Civilian violators trying to smuggle Contraband into the inst, by any and all means not to just direct the presence of Contraband in it's most harmful scope concerning it's ongoing presence and the consequences that people that involved suffers for those involved. This includes staff write-ups on SCDC 19-29A forms etc. who may have be fired for failure of a standard, duty and or special care of security awareness, action, and prevention etc., and or who may also still retain there positions. this also includes officers having been caught at admitting

<a NTOCR>
</a>
<a>
</a>

<a>
</a>
<a>
</a>

Brooks 6

inmates in moves and or bringing contraband in themselves to inmates to cell. For "Green dots", Green dots or visa Cards that have a 12 or 14 digit number that is giving to these Inmates by friends and or family on the streets where these difit numbers or giving to the dealers of the contraband. with whatever amount that ~~the~~ is placed on the Green dot Cards. for ~~prophet~~ prophet. The cell phones or the main and most used way to make easy this transaction and the cell phones also or used to coordinate with ~~in~~ individuals in Society and or organizations to coordinate the movement to get the contraband over the rec. field fences to inmates who have home made keys to unlock rec field doors, room doors of other inmates they wish to kill, beat up, rape, etc. when they evade Security devices which is another SCDC 19-29A etc. report. request along with all Institutional, Departmental, Security, administrative, and ~~and~~ any and all investigative agencies inside and outside of the Department of Corrections that have a record of any and all security breach. that has been made from 11-10-2010 thru ———. which is material to the Cause of action and should be set forth pursuant to S.C. Code Ann. §§§ 19-21-30, 19-21-40, 19-21-70. And where good Cause exists pursuant to S.C. Code Ann. § 17-27-150 supra. Rule 71.1 S.C.R.C.P.

Brooks 7

HEREIN pursuant to S.C. Code Ann. § 15-9-210., the plaintiff requests due to safety concerns that the representative capacity of the JOHN DOE I/M party to this joinder be served upon a agent that is not connected with LEE C.I., as a matter of law due to safety concerns that may effect plaintiff's safety, life, treatment concerns which could cause additional emotional distress if he is retaliated upon by the I/M population and the staff and or admin., who he is forced to be housed with, be around, abide to and or rely on pertaining to the admin, officers, and inmates.

HEREIN THE plaintiff requests the full and or actual names and Identification numbers of all defendants rather employees and or inmates of this permissive joinder from all parties as defendants in this suit from the Richland County defendants too the LEE' Correctional Inst. defendants. This request is also directed at locations of businesses and or places where service can be served on individuals and groups of defendants to accomodate all parties and plaintiffs interest pretaining to the earliest conveances pretaining to the service of process. pursuant to S.C. Code Ann. § 17-27-150, Rule 71.1 of the South Carolina Rules of Civil procedure, and on the grounds that good cause exists to allow this discovery to proceed.

Brooks 8

Herein Finally, the plaintiff, requests a special order from the courts to perpetuate telepone records from a establishment named "Pop's New York Pizza Wings AND Hoagies", that was requested of by plaintiff to the appointed attorney John Rhodes Bailey, Richland County Public Defenders Office Richland County Judicial Center, 1701 Main St., Cola., S.C. 29201, where he sabatoged the previous Subpoena # 200995400115.4, thru Bell South # BSTO 9065-325, that was Received on 03-06-2009 at the Subpoena Center located at 208 S. Akard 10th Floor Dallas, TX 75202 (214) 268-2137 by M.S. Karen Levingston, and or MS Jennette Smith, (214) 268-2300. Which address the issue of trunk numbers etc., in the disclosure of an alleged phone call coming into Pop's N.y pizza. to order a pizza and mozzerralla sticks which could only be at Call #.15 that came in from (803) 261-3830 at 22:10:03hrs and ended at 22:12:44hrs which would represent the same approx. time on pizza receipt which would give the investigation a prime suspect and not a attempt to convince a jury and deceive or judge concerning rather i had involvement in allegation thru the phone records of who owned this call in respects to the pizza receipt, where time derives from the receipt, location etc., things that have been asserted

Brooks 9

to put me to this location at this specific time by proof of this document. The number (803) 261-3830 at Call Number 95 is a trunk number this same number represents the Carrier obviously, and this number pop's up on the telephone log when i was at work on the clock etc, and even after the arrest for this alledged incident where there would be no way i could have made the calls and or call. I have sent the telephone records in a prior ~~doc~~ prima facie showing to the Court the date is unknown at this time, and i need these records not only to prove my innocense but for the Greater legal cause of the defendant in question of neglect of a matter etc entrusted upon him pursuant to DR6-101(A) of the Code of professional Responsibility to perfect claim aganst defendants in their on individual conspasityies as a matter of law pursuant to S.C. Code Ann. 17-27-150, Rule 71-1 of the S.C.R.C.P.

Finally, this motion is supported by the pleading in the Complaint and or Complaints in hole and part of C/A No. 4:11-cv-03362-TLW. and all supporting evidence of all prima facie showings of this genuine issue, before the Court and or thru all motions submitted etc, and all applicable statutes and case authority, the and applicable, Rules of Civil procedure, and such other evidence and

Brooks 10

authority as the Court may find it appropriate ~~appropiate~~
to consider.

Respectfully,

[signature]

# 08-03-2012